**Affirmed and Memorandum Opinion filed February 16, 2011.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-10-01049-CR

---

**DOMINICK LOWE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1226453**

---

## M E M O R A N D U M   O P I N I O N

Appellant, Dominick Lowe, was convicted of aggravated sexual assault of a child. In two issues, appellant contends the trial court erred by admitting his video-taped custodial statement and the evidence is legally insufficient to support his conviction. We affirm.

### I.  BACKGROUND

During all times material to our disposition, Erica Clark resided in an apartment in Houston, Texas with her eleven-year-old daughter, J.C. At approximately 1:00 p.m. on August 24, 2008, Clark returned home from work. After Clark knocked on the front

door, J.C. delayed for an unusually long period of time before unlocking the door. Clark engaged in her usual post-work routine but noticed J.C. was nervous. Eventually, Clark discovered a twelve-year-old boy, D.M., hiding in J.C.'s bedroom closet; Clark did not search the closet for other individuals. Clark then contacted the police.

While awaiting police, Clark exited the apartment when she heard a car alarm. When Clark checked her vehicle, she observed a person running through the pool area of the apartment complex "[l]ike they were trying to get away from somebody or you know like they was in trouble." Clark did not notice whether the person had exited from Clark's apartment. Clark returned to her apartment where J.C. and D.M. remained. Eventually, D.M.'s mother and police officers arrived and spoke with Clark; no arrests were made that day.

In January 2009, J.C.'s friends informed Clark that J.C. was "performing oral sex on boys." When Clark confronted J.C. regarding the rumor, J.C. stated that appellant had raped her. According to Clark, J.C. explained that appellant was D.M.'s older brother and had been hiding in her closet on August 24, 2008 when Clark discovered D.M. in the closet. Appellant turned seventeen years old during July 2008. Clark contacted the police regarding J.C.'s allegations.

At trial, J.C. testified as follows. She and appellant "dated" and spent time together at J.C.'s apartment when Clark was at work. Appellant and J.C. first engaged in genital-to-genital sexual intercourse on appellant's birthday as a "[birthday] present to [appellant]." During their relationship, appellant and J.C. engaged in genital-to-genital sexual intercourse three or four times. The last incident occurred when appellant and D.M. visited J.C.'s apartment on the day described above. D.M. remained in the living room while appellant and J.C. engaged in sexual intercourse in her bedroom. Clark then returned to the apartment and knocked on the front door. Appellant and J.C. dressed, and appellant and D.M. hid in J.C.'s bedroom closet. Clark eventually discovered D.M. but not appellant. While Clark was outside of the apartment checking her vehicle, appellant fled from the apartment and ran through the pool area.

2

Appellant was residing in Phoenix, Arizona when Houston police began investigating J.C.'s allegations. A Houston detective requested Phoenix Police Department Officer Sean Hall to assist in locating and arresting appellant. Officer Hall arrested appellant and then interviewed him at police headquarters. A video recording of the interview was admitted at trial. During the interview, appellant expressed that he would be incarcerated if he related a prior incident between him and his sister's friend; however, appellant did not confess to previously engaging in sexual intercourse with any person.

Appellant was transported to Houston and charged with aggravated sexual assault of a child. Appellant elected a trial to the bench. The trial court found appellant guilty and assessed punishment at fifteen years' confinement.

## II. LEGAL SUFFICIENCY

We begin with appellant's second issue, in which he contends the evidence is legally insufficient to support his conviction.

### A. Applicable Law and Standard of Review

As charged in the indictment, appellant committed aggravated sexual assault of a child if he intentionally or knowingly caused the penetration of the sexual organ of J.C., a person younger than fourteen years of age, by placing his sexual organ in J.C.'s sexual organ. Tex. Penal Code Ann. § 22.021(a)(1)(B)(i), (2)(B) (West 2011).

When reviewing sufficiency of the evidence, we consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences therefrom, a rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). We do not sit as thirteenth juror and may not substitute our judgment for that of the fact finder by re-evaluating weight and credibility of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Rather, we defer to the fact finder to resolve conflicts in

3

testimony fairly, weigh evidence, and draw reasonable inferences from basic facts to ultimate facts. *Id.* This standard applies equally to circumstantial and direct evidence. *Id.* Our duty as reviewing court is to ensure the evidence presented actually supports a conclusion that the defendant committed the crime. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

## B. Analysis

Appellant argues the evidence is insufficient because J.C. was not credible for the following reasons: (1) J.C. accused appellant of sexual assault in an attempt to shift blame from herself when confronted by Clark regarding an unrelated rumor; (2) J.C. lied when she told Clark she was forcibly raped; (3) J.C. lied when she told officers she and appellant engaged in sexual intercourse only once; (4) J.C. testified that she was scared and confused the first time she and appellant had sex, but later testified she engaged in sex with him as a birthday present; and (5) J.C.'s timeframe relative to the events of August 24, 2008 is implausible in light of the time that Clark returned home from work.

Appellant's arguments are not persuasive. The fact finder is the exclusive judge of witness credibility and weight to be given their testimony, and it is the exclusive province of the fact finder to reconcile conflicts in the evidence. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000); *see also Isassi*, 330 S.W.3d at 638. Despite any inconsistencies, we must defer to the trial court's decision to believe J.C.'s testimony that she and appellant engaged in sexual intercourse. Accordingly, the evidence is legally sufficient to support appellant's conviction. We overrule appellant's second issue.

## III. SUPPRESSION OF STATEMENT

In his first issue, appellant contends the trial court erred by admitting the video recording of his custodial interrogation because the court failed to make a finding that his statement was voluntary under Arizona law.

At trial, Officer Hall testified that he arrested appellant in Arizona and questioned him at police headquarters. Officer Hall advised appellant of his *Miranda* rights but did

not inform appellant that he had "the right to terminate the interview at anytime." During the following exchange, appellant questioned Officer Hall on voir dire and objected to admission of his statement:

[Appellant's counsel:] Okay. And you indicated that you did not advise [appellant] that he could terminate the interview at anytime. Correct?

[Officer Hall:] Correct.

[Appellant's counsel:] All right. . . . Judge at this time we would object to the introduction of [the video-recorded statement] based on Article 38.22 Code Of Criminal Procedure which requires that admonishment [referring to the right to terminate the interview at any time] be given during the Miranda Warnings and I know the prosecutor has indicated that if it was on here would that refresh the officer's memory. I have reviewed it as well and I do not find that to be on in the warnings given to [appellant].

[Trial court:] Well, I don't know what's on there but I think -- let me ask you this officer. In Arizona does your state law require that you advise suspects of their right to terminate an interview? Is that part of the warnings you're required by state law to give?

[Officer Hall:] Not for adults. That's not on our adult card, no, ma'am.

[Trial court:] I'm pretty sure that under Texas law they take a statement in another state and it complies with that state law when it comes in here. I could be wrong about that. Ya'll have any case law on that?

[Prosecutor:] I can verify. I agree with you on that but I can get you some case law on that but it's what happens in their state law and he does read on the video. You can see very clearly that he read from an Arizona card the rights.

[Trial court:] Okay. And as long as -- and they're all Mirandized.

[Prosecutor:] Yes, ma'am.

[Trial court:] . . . [D]o you have any authority?

[Appellant's counsel:] Not at this time Judge and I guess I need to check that as well just to make sure it complied.

[Trial court:] Well, I'll admit it conditionally then and if you have some authority that shows me that it's not truly admissible under our law I'll take that into consideration but at this point it's admitted

After the trial court viewed the video recording, the State made the following assertion:

> Your Honor, may I just put on the record Article 38.22 Section 8 clearly states if the statement's obtained from another state then you comply with that State's laws not the laws of Texas.[1]

On appeal, appellant argues that the trial court was required to determine the voluntariness of appellant's statement under Arizona law before its admission into evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.22 § 8(1) ("[S]tatement of an accused made as a result of a custodial interrogation is admissible against the accused in a criminal proceeding in this state if . . . the statement was obtained in another state and was obtained in compliance with the laws of that state or this state."); *see also* Arizona Rev. Statute § 13-3988 (B) (2010) (enumerating factors for court to consider when determining voluntariness of statement). However, a trial court is not required to make a finding regarding voluntariness of a statement unless a question is raised regarding voluntariness. *See* Tex. Code Crim. Proc. Ann. art. 38.22, § 6 ("In all cases *where a question is raised as to the voluntariness of a statement* of an accused, the court must make an independent finding in the absence of the jury as to whether the statement was made under voluntary conditions." (emphasis added)).

Appellant's sole objection pertained to Officer Hall's failure to advise appellant regarding his right to terminate the interview at any time, as required under article 38.22, section 2(a)(5). *See* Tex. Code Crim. Proc. Ann. art. 38.22, § 2(a)(5). As Officer Hall explained, an officer is not required under Arizona law to warn the accused that he has the right to terminate the interview at any time. *See State v. Canez*, 42 P.3d 564, 583–84 (Ariz. 2002) (determining officer read rights to defendant prior to questioning and defendant validly waived rights; rights read by officer did not include a right to terminate interview at any time); *State v. Mumbaugh*, 491 P.2d 443, 450–51 (Ariz. 1971) (explaining requirements of *Miranda*); *see also Gonzales v. State*, 190 S.W.3d 125, 129–

---

[1] We acknowledge that the prosecutor's statement is not entirely correct. Under the Code of Criminal Procedure, a custodial statement obtained in another state is admissible in Texas if it was obtained in compliance with the laws of that state *or* Texas law. *See* Tex. Code Crim. Proc. Ann. art. 38.22 § 8(1) (West 2005).

30 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (recognizing warning "[you have] the right to terminate the interview at any time" is not required under *Miranda* or California law and holding confession obtained in California was admissible under article 38.22, section 8 despite the fact defendant was not warned he had right to terminate interview at any time).[2] Notwithstanding the undisputed fact that appellant was not warned he could terminate the interview at any time, the trial court correctly overruled appellant's objection because his statement was obtained in compliance with Arizona law. *See* Tex. Code Crim. Proc. Ann. art. 38.22, § 2(a)(5). We hold that no question was raised regarding the voluntariness of appellant's statement. Accordingly, the trial court did not err by failing to make a voluntariness finding. Appellant's first issue is overruled.

We affirm the trial court's judgment.


/s/     Charles W. Seymore
Justice


Panel consists of Justices Frost, Seymore, and Jamison.

Do Not Publish — Tex. R. App. P. 47.2(b).

---

[2] In contrast to Texas law, Arizona law does not contain statutory codification of *Miranda* warnings.